UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>    PLAINTIFF, | CIVIL ACTION<br>NO. 19-12875 |
| v. | JURY DEMAND |
| EXPOTEL HOSPITALITY SERVICES, LLC, AND<br>EP WYNDHAM GARDEN, LLC,<br>    DEFENDANTS. | |

## COMPLAINT

NATURE OF THE ACTION

Plaintiff, the U.S. Equal Employment Opportunity Commission ("Commission"), brings this action under under Title VII of the Civil Rights Act of 1964 ("Title VII"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief. As alleged with greater particularity below, Defendants, Expotel Hospitality Services, LLC ("Expotel") and EP Wyndham Garden, LLC ("EP"), has discriminated against Danielle Brown and a similarly aggrieved employee at the Wyndham Garden New Orleans Airport ("the hotel") by subjecting them to a hostile working environment.

JURISDICTION & VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, § 1331, § 1337, § 1343, and § 1345. This action is authorized pursuant to Title VII, as amended, 42 U.S.C. § 2000e-5(f)(1), § 2000e-5(f)(3), and § 2000e-6, and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  Venue lies in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices were and are now being committed in Metairie, Louisiana.

1

PARTIES

3. The Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and it is expressly authorized to bring this action by Title VII, 42 U.S.C. § 2000e-5(f)(1) and § 2000e-6.

4. At all relevant times, Expotel has continuously been a Louisiana limited liability company doing business in Metairie, Louisiana, and has continuously had at least 15 employees.

5. At all relevant times, Expotel has continuously been an employer engaged in an industry affecting commerce under Title VII, 42 U.S.C.§ 2000e(b), (g) and (h).

6. At all relevant times, EP has continuously been a Louisiana limited liability company doing business in Metairie, Louisiana and has continuously had at least 15 employees.

7. At all relevant times, EP has continuously been an employer engaged in an industry affecting commerce under Title VII, 42 U.S.C.§ 2000e(b), (g) and (h).

8. At all relevant times, Expotel and EP have been part of a single, integrated enterprise.

9. At all relevant times, Expotel and EP have been the joint employers of Ms. Brown and the similarly aggrieved employee at the hotel.

ADMINISTRATIVE PROCEDURES

10. More than 30 days prior to the institution of this lawsuit, Ms. Brown filed charges of discrimination with the Commission alleging violations of Title VII by Expotel and EP.

11. On or about July 22, 2019, the Commission issued to Expotel and EP a letter of determination finding reasonable cause to believe that they violated Title VII and inviting Expotel and EP to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

12. The Commission engaged in communications with Expotel and EP to provide Expotel and EP the opportunity to remedy the practices described in the letter of determination.

13. The Commission was unable to secure from EP or Expotel a conciliation agreement acceptable to the Commission.

14. On or about August 22, 2019, the Commission issued to Expotel and EP a notice of failure of conciliation.

15. All conditions precedent to the initiation of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

16. Since at least 2016, Expotel and EP have engaged in unlawful employment practices on the basis of sex by subjecting Ms. Brown and a similarly aggrieved employee at the Wyndham Garden New Orleans Airport hotel ("hotel") to a hostile work environment in violation of 42 U.S.C. § 2000e-2. These unlawful employment practices include, but are not limited to, the following:

    A. Terry Carpenter was a manager at the hotel who had the authority to take tangible employment actions against Ms. Brown and the similarly aggrieved employee.

    B. Mr. Carpenter subjected Ms. Brown and the similarly aggrieved employee to sexual harassment that was both subjectively and objectively severe or pervasive.

    C. Expotel and EP did not exercise reasonable care to prevent the sexual harassment.

    D. EP and Expotel were aware of the sexual harassment, because it was overt and because Ms. Brown and the similarly aggrieved employee reported it to them.

    E. Expotel and EP did not exercise reasonable care to promptly correct the sexual harassment once it became aware of it.

17. The effect of the practices complained of above has been to deprive Ms. Brown and the similarly aggrieved employee equal employment opportunities and otherwise adversely affect their status as employees because of their sex, female.

18. The unlawful employment practices complained of above were and are intentional.

19. The unlawful employment practices complained of above were and are being done with malice or with reckless indifference to the federally protected rights of Ms. Brown and the similarly aggrieved employee.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Expotel, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it from discriminating against Ms. Brown and the similarly aggrieved employee because of their sex, female.

B. Grant a permanent injunction enjoining EP, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it from discriminating against Ms. Brown and the similarly aggrieved employee because of their sex, female.

C. Order Expotel to institute and carry out policies, practices, and programs that provide equal employment opportunities for female employees and that eradicate the effects of its past and present unlawful employment practices.

D. Order EP to institute and carry out policies, practices, and programs that provide equal employment opportunities for female employees and that eradicate the effects of its past and present unlawful employment practices.

E. Order Expotel to make whole Ms. Brown and the similarly aggrieved employee by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

F. Order EP to make whole Ms. Brown and the similarly aggrieved employee by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G. Order Expotel to make whole Ms. Brown and the similarly aggrieved employee by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including any job-search and medical expenses, in amounts to be determined at trial.

H. Order EP to make whole Ms. Brown and the similarly aggrieved employee by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including any job-search and medical expenses, in amounts to be determined at trial.

I. Order Expotel to make whole Ms. Brown and the similarly aggrieved employee by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

J. Order EP to make whole Ms. Brown and the similarly aggrieved employee by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering,

inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    K.    Order Expotel to pay Ms. Brown and the similarly aggrieved employee punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

    L.    Order EP to pay Ms. Brown and the similarly aggrieved employee punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

    M.    Grant such further relief as the Court deems necessary and proper in the public interest.

    N.    Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint that are triable to a jury.

Respectfully submitted,

**Sharon Fast Gustafson**
General Counsel
No Bar No. Assigned

**James L. Lee**
Deputy General Counsel
U.S. Equal Employment Opportunity Commission
No Bar No. Assigned

**Gwendolyn Young Reams**
Associate General Counsel
U.S. Equal Employment Opportunity Commission
No Bar No. Assigned

**Rudy L. Sustaita**
Regional Attorney
U.S. Equal Employment Opportunity Commission
Houston District Office
1919 Smith Street, 7th Floor
Houston, TX 77002
Email: rudy.sustaita@eeoc.gov
Phone: (713) 651-4970
Fax: (713) 651-4995
Texas Bar No. 19523560

**Gregory T. Juge**
Supervisory Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Email: gregory.juge@eeoc.gov
Phone: (504) 676-8239
Fax: (504) 595-2886
Louisiana Bar No. 20890

/s/ Andrew B. Kingsley
**Andrew B. Kingsley (Lead)**
Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Email: andrew.kingsley@eeoc.gov
Phone: (504) 208-8661
Fax: (504) 595-2886
Louisiana Bar No. 35865

**Lloyd Van Oostenrijk**
Trial Attorney
U.S. Equal Employment Opportunity Commission
Houston District Office
1919 Smith Street, 7th Floor
Houston, TX 77002
Email: lloyd.vanoostenrijk@eeoc.gov
Phone: (713) 651-4906
Fax: (713) 651-4995
Texas Bar No. 24056467

COUNSEL FOR U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**REGISTERED AGENTS FOR SERVICE OF PROCESS:**

Expotel Hospitality Services, LLC
c/o Christopher Schott
401 Veterans Blvd., #102
Metairie, LA 70005

EP Wyndham Garden, LLC
c/o Christopher Schott
401 Veterans Blvd., #102
Metairie, LA 70005